1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation; and ROOR INTERNATIONAL BV, a Foreign Corporation<br><br>       Plaintiffs,<br><br>v.<br><br>ALL STOP SMOKE SHOP, INC., *et al.*,<br><br>       Defendants. | Case No. 2:18-cv-03057-JAM-DB<br><br>**STIPULATED ORDER TO:**<br>  **(1) ENTER CONSENT DECREE FOR PERMANENT INJUNCTION AGAINST DEFENDANT ALL STOP SMOKE SHOP, INC.**<br>  **(2) DISMISS THE ACTION** |

**[PROPOSED] ORDER TO ENTER CONSENT DECREE**

# ORDER FOR PERMANENT INJUNCTION

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

    A.    Plaintiffs Sream, Inc. and RooR International BV (collectively "Plaintiffs") filed suit against Defendant All Stop Smoke Shop, Inc. ("All Stop"), alleging that All Stop violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

    B.    The Parties entered into a settlement on February 6, 2019, which requires entry of the stipulated judgment set forth herein which requires entry of the stipulated judgment set forth herein;

    And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    For the purposes of binding preclusive effect on All Stop as to disputes occurring after February 6, 2019, between All Stop and either Plaintiff, and only for such purposes, All Stop admits the following:

        a.  Mr. Martin Birzle, including through his successor in interest RooR International BV (collectively "RIBV"), has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "**RooR Marks**") and of all rights thereto and thereunder.

        b.  The RooR Marks are valid and enforceable.

        c.  Since at least 2013, Plaintiff Sream, Inc. has been the exclusive licensee of the RooR Marks in the United States. RIBV has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks in the United States.

    2.    Effective February 6, 2019, All Stop, and those acting on All Stop's behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners):

2

a. are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (i) any product bearing the RooR Marks or (ii) any design, mark, or feature that is confusingly similar to the RooR Marks;

b. shall permanently discontinue any and all use of, and will not in the future adopt, use, apply to register or register the term "RooR" or any term substantially similar to any of the RooR Marks in any designation of source, logo, slogan, email address, domain name or URL, social media site, website or embedded in code for website, metatag, correspondence, letterhead, business cards, promotional marketing material, public filings, and/or signage, unless expressly authorized in writing by Plaintiffs; and

c. shall not at any time take any action, or assist another in taking any action, contesting or in any way impairing or tending to impair the RooR Marks.

(Sections 2, 2(a), 2(b), and 2(c) are collectively, the "**Permanent Injunction**").

3.      All Stop is bound by the Permanent Injunction regardless of whether RIBV assigns or licenses the RooR Marks to another for so long as such trademark rights are subsisting, valid, and enforceable.  The Permanent Injunction inures to the benefit of RIBV's successors, assignees, and licensees.

4.      The Eastern District of California shall retain jurisdiction over all disputes between and among the Parties arising out of the Permanent Injunction.

5.      The Parties waive any rights to appeal this Permanent Injunction.

6.      After entry of the Permanent Injunction, the Action shall be dismissed *with prejudice*.  Each party shall bear their own attorneys' fees and costs. IT IS SO ORDERED.

Dated:2/8/19_____

/s/ John A. Mendez_____
John A. Mendez
United States District Court Judge

**[PROPOSED] ORDER TO ENTER CONSENT DECREE**